Joseph W. FREEMAN
and Geraldine G. Freeman,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4476)

Joseph W. and Geraldine G. Freeman, Plaintiffs (taxpayers), filed a response *pro se.*

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered November 14, 2000.

**CARL N. BYERS, Judge.**

Plaintiffs (taxpayers) appeal from a magistrate Decision upholding Defendant Department of Revenue's (the department) assessment of additional income taxes for 1994. Taxpayers claim that a loss incurred in 1994 should not be characterized by the 1989 transaction out of which it arose. There is no dispute of material facts, and the legal issue has been submitted on the department's Motion for Summary Judgment.

## FACTS

Taxpayers and four others were partners in a partnership owning a large apartment complex. In 1989, the partnership assets were distributed to the partners and sold for a large gain.[1] Because the property had been used in business, it constituted what is known as Internal Revenue Code (IRC) section 1231 property. The five partners reported their gain as long-term capital gain.

However, after the transaction was completed, the buyer of the property discovered an undisclosed right-of-way. The buyer sued the partners; and in 1994, each partner paid their share of an amount to settle the dispute. Taxpayers' accountant advised them to deduct their settlement payments as an "ordinary loss."

The department audited taxpayers' returns and determined the loss should be characterized as a capital loss, not an ordinary loss. Accordingly, the department issued notices of deficiency. After losing an administrative appeal, taxpayers appealed to the Magistrate Division of this court. A magistrate conducted a hearing and upheld the department's determination. Taxpayers then appealed to the Regular Division.

## ISSUE

Is the settlement payment a capital loss or an ordinary loss?

## ANALYSIS

Oregon has adopted federal taxable income (subject to modifications) as Oregon taxable income. ORS 316.048.[2] Consequently, when issues arise such as how to determine the character of income, federal laws apply.

In this case, IRC § 1231 is applicable. In general, that statute provides that when a taxpayer disposes of property used in a trade or business, if the section 1231 gains

---

[1] It is not clear and also irrelevant whether the partnership liquidated and then the assets were sold or whether the partnership sold the assets and distributed the proceeds to the partners.

[2] All references to the Oregon Revised Statutes are to 1993.

exceed the section 1231 losses, the net gains are capital gains. On the other hand, if the section 1231 losses exceed the amount of the section 1231 gains, the net loss is considered an ordinary loss. On the surface, that would constitute the best of both possible worlds for taxpayers. The netting of gains and losses is done year-by-year.

Taxpayers contend that where the loss in 1994 exceeded their 1994 gains, the loss was an ordinary loss under section 1231. In that, taxpayers make a fundamental error. In 1994, taxpayers paid money on a claim made by the purchaser of taxpayers' section 1231 property. Therefore, the 1994 transaction consisted of settling a claim made by another party, not the disposition of section 1231 property. Since the transaction was not the disposition of section 1231 property, it was not a section 1231 transaction. The only relationship the 1994 transaction had to section 1231 property was that the claim arose from section 1231 property. Of course, taxpayers may reasonably contend the character of the settlement payment or loss in 1994 is determined by the nature of the underlying property or transaction. If taxpayers were to adopt this view, they would be correct; but it would also defeat their claim in this case.

The characterization of income has long been an important feature of income tax laws. That feature is not always entirely consistent with the principle of annual accounting and reporting of income taxes. In *Arrowsmith v. C.I.R.*, property was sold in 1940 for a capital gain but a claim arising out of the same property in 1944 required a payment, creating a "loss" in 1944. 344 US 6, 73 S Ct 71, 97 L Ed 6 (1952). The issue before the court was whether the payment created a capital loss or an ordinary loss. The United States Supreme Court held that the character of income or loss is determined by the underlying transaction and is not changed by the principle that each tax year is a separate unit for tax accounting purposes. *Id.*

Taxpayers may well ask, "If that is the case, why isn't the 1994 loss an ordinary loss under IRC section 1231?" The answer is because the underlying transaction was not a loss, but a gain. If the payment had occurred in the same year as the year of the sale, it would have simply reduced the

amount of capital gain recognized.[3] It is clear that, for purposes of characterizations, the court looks to the underlying transaction from which the gain or loss arose.

The facts of *Estate of James M. Shannonhouse v. C.I.R.*, are nearly identical to the instant case. 21 TC 42 (1953). There, the taxpayers sold real property for a capital gain, and several years later claims were made against taxpayers for a breach of conveyance of the title to the property sold. Taxpayers paid the claims and reported the loss as ordinary on their return. Citing *Arrowsmith v. U.S.*, the court held that payment of the claims was "part and parcel of the sale" and governed by the character of that sale.

In *Bressler v. C.I.R.*, 65 TC 182 (1975), the taxpayer sold its section 1231 property for an ordinary loss in 1964 and then in 1967 received a $150,000 settlement of an antitrust claim arising out of the business sale. Taxpayer claimed the income received in 1967 was a long-term capital gain. The Tax Court held that it was ordinary income, stating:

> "Since the gain, if received in 1964, would have resulted in an increase in ordinary income, it is not transformed into capital gain by mere delay in receipt. The subsequent gain is part and parcel of the original loss transaction and cannot be segregated for tax purposes. The gain in 1967 is merely an adjustment of the prior sale price; it is not a new and independent sale or exchange of § 1231 property." *Id.* at 187.

Other federal cases are consistent with the above. In summary, the courts look to the character of the transaction from which the gain or loss arose to determine the character of that gain or loss for purposes of taxation.

Taxpayers also allege discriminatory treatment. They assert that other partners reported their loss as an ordinary loss, and the department did not disallow that treatment. If such is the case, taxpayers have a right to be upset. Clearly, the legislature assumes that laws will be uniformly and evenly administered. If the department recharacterizes

---

[3] It is not clear what results would follow if the later loss exceeded the earlier gain since under section 1231, if the two were netted, the net loss should be an ordinary loss.

the income or loss for one taxpayer, it should do it for all taxpayers in the same circumstance. However, there can be many reasons for treating taxpayers differently. A large loss may be a significant benefit to one taxpayer, but the same size loss may not be of any benefit to another. The department is given broad jurisdiction to administer the tax laws effectively and uniformly. Taxpayers' allegations and arguments do not constitute or state a claim. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted. Costs to neither party.